UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:

GURRENTZ INTERNATIONAL CORP.,

        Plaintiff,

vs.

SEABOARD MARINE LTD.,
a Liberian corporation,

        Defendant.

_____/

## COMPLAINT

COMES NOW the Plaintiff, GURRENTZ INTERNATIONAL CORP., by and through the undersigned attorneys, and sues the Defendant, SEABOARD MARINE LTD., and for its Complaint alleges as follows:

1. This is a claim of Admiralty and Maritime Jurisdiction as hereinafter more fully appears and is an Admiralty and Maritime Claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. Pursuant to the terms of SEABOARD's bills of lading all lawsuits against SEABOARD must be filed in the Federal Court for the Southern District of Florida.

3. The Plaintiff, GURRENTZ INTERNATIONAL CORP., is a Delaware corporation, with its principal place of business in Pittsburgh, PA and is an importer and wholesale seller of meat products and was the owner, importer and/or consignee of the cargo hereinbelow described.

4.     The Defendant, SEABOARD MARINE LTD., (hereinafter "SEABOARD") is a foreign corporation, organized under the laws of the Republic of Liberia, doing business in Miami, Dade County, Florida as a common carrier of merchandise-by-water-for-hire and at all times material hereto was the carrier of the subject cargo hereinbelow described.

5.     In or about December, 2022, the Plaintiff shipped six (6) containers of frozen meat products with SEABOARD via ocean from Nicaragua to Savannah, Georgia.  The subject shipments are identified with Seaboard bills of lading as follows:

>   SMLU6885320A dated 12/06/2021
>   SMLU6926615A dated 12/30/2021
>   SMLU6926516A dated 12/30/2021
>   SMLU6926567A dated 12/30/2021
>   SMLU6911241A dated 12/19/2021
>   SMLU6911229A dated 12/19/2021

6.     On or about January 13, 2022, the six containers of frozen meat product arrived at Savannah.

7.     On or about January 25, 2022 the Plaintiff sought the release of the six containers from SEABOARD, requested payment information, and was provided invoices by SEABOARD's agent, Veconinter, stating the exact amount required by Veconinter/Seaboard in order to secure the prompt release of the containers in Savannah.

8.     Plaintiff paid the invoices in full on January 25, 2022 and was advised by Veconinter that the Savannah containers were released and available for pickup on January 26, 2022.

9. The Plaintiff was prepared to pick up the containers on January 26, 2022 but prior to pick up Plaintiff was advised that the containers had not been released by SEABOARD and were not available to pick up.

10. On or about February 11, 2022, the Plaintiff shipped three (3) containers of frozen meat products via ocean from Nicaragua to Philadelphia, Pennsylvania.  The subject shipments are identified with Seaboard bills of lading as follows:

> SMLU6993071A
> SMLU6993038A
> SMLU6993057A

11. SEABOARD withheld the release of the containers in Savannah to the Plaintiff and later also withheld the release of the three containers in Philadelphia.  On or about February 17, 2022 SEABOARD claimed that the Plaintiff owed additional past due amounts to SEABOARD and that was the reason why the containers were being withheld for release to the Plaintiff.  Plaintiff requested an itemization and proof of any past due amounts.

12. SEABOARD never provided sufficient proof of the claimed past due amounts allegedly owed despite repeated demands from the Plaintiff.  However, SEABOARD continued to hold the subject nine containers hostage and refused to release same.

13. Despite never providing proof of past due amounts, on or about March 1, 2022, SEABOARD sent letters to the Plaintiff advising Plaintiff that SEABOARD was going to charge $299,376 in demurrage (storage) charges to Plaintiff for the storage of the six containers in Savannah.  On or about March 28, 2022 SEABOARD insisted on the payment of $32,750 in demurrage charges to release the three containers in Philadelphia.  SEABOARD further advised Plaintiff that should these amounts not be paid forthwith then

the containers would be considered abandoned and SEABOARD would proceed to dispose of the Plaintiff's cargo inside the containers.

14. Having no choice at the moment and under duress and threat of the complete loss of its cargo, on March 28, 2022 Plaintiff proceeded to involuntarily pay $32,750 to release the containers in Philadelphia and the negotiated amount of $174,000 to release the containers in Savannah. Plaintiff further had to incur expenses in the amount of $41,997 in additional freight, storage, and handling costs to ship product out of Los Angeles, Houston, and San Diego to its customer to whom it owed the product under contract that SEABOARD was wrongfully detaining in Savannah.

15. The containers were released to the Plaintiff on or about April 1, 2022.

16. Although SEABOARD provided documentation of alleged amounts owed by Plaintiff to Seaboard, that documentation was always inaccurate as it did not take into account amounts paid by Plaintiff or its agents which forced Plaintiff to spend considerable amount of time providing SEABOARD with information that it should have had from the start. It was the inaccurate information claimed by Seaboard of what was allegedly owed that provided the sole basis for SEABOARD to wrongfully hold the subject containers and then charge Plaintiff with substantial demurrage (storage) charges for the same containers it refused to release.

17. All conditions precedent to bringing this action have been met.

### COUNT I – Coercion/Duress

18. The Plaintiff realleges paragraphs 1 through 17 above and further alleges:

19. The Plaintiff was unlawfully coerced by, and/or put under undue duress by, SEABOARD to make the demurrage payments under threat that the Plaintiff's containers

would be considered abandoned and the Plaintiff's cargo disposed of unless Plaintiff paid the subject demurrage charges. The Plaintiff had already paid its suppliers for the cargo so the threat to dispose of Plaintiff's cargo created severe financial distress to Plaintiff who would not be able to recover the amounts it paid to its suppliers.

20. SEABOARD only started charging for the subject demurrage because it used inaccurate information to wrongfully claim that significant past due amounts were owed by Plaintiff to SEABOARD when that was not the case.

21. Plaintiff had no alternative other than to make the involuntary demurrage payments otherwise it would forfeit its financial interest in the cargo.

22. SEABOARD's conduct inducing the demurrage payments was improper and coercive.

23. As a result of the foregoing, Plaintiff has been damaged in the principal amount of $248,747 plus interest, costs, and attorneys fees. The Plaintiff reserves the right to amend this amount at the time of trial.

**WHEREFORE**, the Plaintiff, GURRENTZ INTERNATIONAL CORP., prays that judgment be entered against the Defendant, SEABOARD MARINE LTD., in favor of the Plaintiff in the principal amount of $248,747 together with prejudgment interest, costs, attorneys fees, and such other relief as this Court may deem just and proper.

Miami, Florida
January 25, 2023

**MICHAEL C. BLACK, P.A.**
*Attorneys for Plaintiff*
Dadeland Square at the Greenery Mall
7700 North Kendall Drive, Suite 305
Miami, Florida 33156
Tel.: (305) 271-8301
Fax: (305) 271-8302

By: *S/Michael C. Black*
_____
**Michael C. Black, Esquire**
Florida Bar No. 0056162
mblack@marlaw.com